# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MATOSANTOS COMMERCIAL CORP., EURO CARIBE PACKING COMPANY, INC., GERONIMO MATOSANTOS VALLECILLO,**<br><br>**Plaintiffs,**<br>v.<br><br>**MANUEL MATOSANTOS-VALLECILLO, ET AL.**<br><br>**Defendants.** | **Civ. No. 19-1610 (ADC)** |

## OPINION AND ORDER

I.  **PROCEDURAL BACKGROUND**

   A.  **Proceedings at the Puerto Rico Court of First Instance**

On March 8, 2019, Matosantos Commercial Corp., Euro Caribe Packing Company, Inc., and Gerónimo Matosantos-Vallecillo, in his personal capacity and as a representative of a derivate action on behalf of Gegloma Realty Corporation ("plaintiffs") filed a complaint at the Puerto Rico Court of First Instance, Superior Court, Bayamón Part, Civil No. 2019cv01181 ("state court complaint"), against Organic Power, LLC ("debtor"), Manuel Matosantos-Vallecillo, Maritere González, and the Conjugal Partnership formed between them ("Matosantos-González"), Miguel Pérez-Valdez, María de Lourdes Rosa, and the Conjugal Partnership formed between them ("Pérez-Rosa"), and VRJT, Inc. (collectively, "defendants"). **ECF No. 1-2** at 19-42.[1]

---

[1] The state court complaint relates to disputes amongst the Matosantos siblings as shareholders of two family-owned corporations, Gegloma Realty Corporation and Matosantos Commercial Corporation, along with its wholly owned

The state court complaint is comprised of five causes of action. **ECF No. 1-2** at 37-41. The first cause of action seeks damages in the amount of $5,000,000.00 "[b]ased on [defendants' breach of] fiduciary duties and [] illicit conduct." *Id* at 38. The second cause of action seeks damages for "illicit, criminal, and malicious conduct of [d]efendants, which was in violation of their fiduciary duties, as well as through their affiliate entities [Organic Power, LLC] and VRJT [Inc.]" *Id* at 39. The third claim seeks declaratory judgment regarding certain shareholder agreements executed between the parties. *Id* at 40. The fourth cause of action requests monetary compensation for moral damages due to the alleged "illicit, criminal, and malicious conduct of [d]efendants… as well as through their affiliate entities [Organic Power, LLC] and VRJT [Inc.]." *Id* at 41. Finally, the fifth claim asserted is a corporate derivative action for damages. *Id*.

On April 1, 2019, Organic Power, LLC filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"), *In re Organic Power, LLC*, No. 19-01789-ESL11 ("bankruptcy proceeding"). **ECF No. 1-2** at 135. Notwithstanding, on April 8, 2019, debtor Organic Power, LLC filed an answer to the complaint and a counterclaim at the Puerto Rico Court of First Instance against plaintiffs. **ECF No. 1-2** at 116. Organic Power, LLC's counterclaim contains eight causes of action, including: a request for injunctive relief aimed at enjoining plaintiffs from terminating a Power Purchase Agreement ("PPA") executed between Organic

---

subsidiary, Euro Caribe Packing Company, Inc., and disputes in connection with a power purchase agreement executed between Organic Power, LLC and Euro-Caribe Packing Company, Inc.

Power LLC and plaintiff Euro Caribe Packing Company, Inc., a request for damages for violations to the 11 U.S.C. § 362's automatic stay ("automatic stay"), and attorney's fees under the Bankruptcy Code. *Id* at 136-140.[2] Organic Power, LLC's counterclaim also requests the turnover of property of the estate pursuant to the Bankruptcy Code and the payment of alleged due payments under the PPA. *Id* at 142. The fifth, sixth, and seventh causes of action, seek damages for alleged breach of the PPA, the avoidance of certain preferential and post-petition transfers allegedly performed by plaintiff Euro Caribe Packing Company. *Id* at 142-145. Cause of action number eight requests a declaratory judgment regarding certain agreements. *Id* at 145.[3]

### B. Proceedings at the Bankruptcy Court

On April 8, 2019, defendants filed a joint notice of removal of the state court proceedings to the Bankruptcy Court, adversary proceeding No. 19-00033 (EAG). **ECF No. 1-2** at 1-18. Defendants argue that the Bankruptcy Court has jurisdiction over the state court proceedings pursuant to the "arising in" jurisdiction because Organic Power, LLC's counterclaim filed at the Puerto Rico Court of First Instance raises multiple claims under the Bankruptcy Code, which according to defendants, "would have no existence outside of bankruptcy." **ECF No. 1-2** at 8. They also assert that the state court complaint is related to the bankruptcy proceeding since it

---

[2] The parties allege that under the PPA, plaintiff Euro Caribe Packing Company, Inc. could purchase energy generated by Organic Power, LLC.
[3] Organic Power, LLC's counterclaim asserts no claims against the rest of the removing defendants: Matosantos-González, Pérez-Rosa, and, VRJT, Inc.

seeks damages against Organic Power, LLC, which, if granted, could adversely and significantly affect the estate of Organic Power, LLC as the Chapter 11 debtor in the bankruptcy proceedings.

Defendants also argue that removal to the Bankruptcy Court is proper under 28 U.S.C. § 1441. *Id* at 9. In support of that thesis, they sustain that, although not on its surface, the state court complaint includes causes of action under federal law. Specifically, they argue that the Bankruptcy Court should apply the "artful pleading" doctrine to ascertain that the state court complaint's third and fourth causes of action, in reality, are nothing more than federal law causes of action including actions under Section 10(b) of the Securities Exchange Act of 1934 and under Securities and Exchange Commission Rule 10b-5(a)-(c), which are "subject to [Bankruptcy Court]'s exclusive jurisdiction." *Id* at 12.[4]

On May 2, 2019, plaintiffs filed a motion to remand at the Bankruptcy Court. **ECF No. 1-3.** They contend that the Bankruptcy Court should remand the state court proceedings back to the Puerto Rico Court of First Instance by application of the mandatory abstention rule or, in the alternative, that the Bankruptcy Court should exercise permissive abstention. They sustain that the state court complaint is a "non-core action" because it arose prior to the filing of the bankruptcy petition and that the causes of action included in the state court complaint are claims under state law which are not subject to federal jurisdiction. Moreover, plaintiffs uphold that

---

[4] The artful pleading doctrine "allows a federal court to peer beneath the local-law veneer of a plaintiff's complaint in order to glean the true nature of the claims presented." *López-Muñoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 5 (1st Cir. 2014).

Organic Power, LLC's counterclaim "is nothing more than a purported breach of contract… stretch[ed] out to invoke causes of action arising in the Bankruptcy Code." *Id* at 3. In that same line of argument, they propose that the "efficient administration of the bankruptcy, if anything, is fostered by keeping the purely Commonwealth issue in state court." *Id* at 9.[5]

On May 3, 2019, Matosantos-González filed at the Bankruptcy Court an answer to the state court complaint, a verified counterclaim against plaintiffs, and a third-party complaint whereby, among other things, they refused to consent to the entry of final orders or judgment by the Bankruptcy Court. **ECF No. 1-4.** The first cause of action of the verified counterclaim prays for a preliminary injunction to enjoin Gerónimo Matosantos-Vallecillo to sell certain shares and to execute certain agreements. *Id* at 47-53.[6] The second cause of action of Matosantos-González's counterclaim moves to Court to declare the validity of certain rights and obligation that allegedly stems from agreements executed between some of the parties. *Id*. The third and final cause of action included in the verified counterclaim prays for declaratory judgment decreeing that Manuel Matosantos-Vallecillo has certain rights and is not liable for claims included by plaintiffs in the state court complaint against him. *Id*. On the other hand, Matosantos-González's third-

---

[5] Plaintiffs assert that the certified translation of the state court complaint submitted by the removing parties to the Bankruptcy Court is incorrect and constitute a misrepresentation of the allegations included in the state court complaint. **ECF No. 1-3** at 15.

[6] The motion in support of the petition for preliminary injunction was filed on May 16, 2019. **ECF No. 1-10.** However, the Court notes that Matosantos-González admit that the preliminary injunction included in the third cause of action is "like the one" already denied by the Court in *Matosantos v. Matosantos, et al.*, 19-1131. *See* **ECF No. 1-15** at 14.

party verified complaint was filed against Gloria Matosantos-Vallecillo, CC1 Adquisition, LLC, and Glegoma Realty Corporation. *Id* at 27.[7]

On May 15, 2019, Pérez-Rosa filed separate motions requesting the Bankruptcy Court to dismiss the adversary proceeding for failure to state a claim. **ECF Nos. 1-6, 1-7.**

On May 16, 2019, Organic Power, LLC filed an opposition to the motion to remand at the Bankruptcy Court. **ECF No. 1-8**. Organic Power, LLC asserts that the damages for violations of the automatic stay prayed for in its state court counterclaim cannot be granted by a state court, but rather require a ruling from the Bankruptcy Court. *Id* at 4. Moreover, Organic Power, LLC asserts that at the state court counterclaim is explicitly based on 11 U.S.C. § 362, 11 U.S.C. § 542, 11 U.S.C. § 547, and 11 U.S.C. § 549, and that it includes "core proceedings that fall squarely within the jurisdiction of the Bankruptcy Court." *Id* at 5. Organic Power, LLC further avers that "that the causes of action pursuant to § 362 and § 549 stem from illegal post-petition actions perpetrated by Euro Caribe [Packing Company] and Gerónimo Matosantos[-Vallecillo]." *Id* at 6.

On May 16, 2019, Matosantos-González filed a notice of demand for jury trial "on all issues triable per the [state court complaint] and [Organic Power, LLC's counterclaim,] and [v]erified [c]ounterclaim and [t]hird-[p]arty [c]omplaint." **ECF No. 1-9** at 1. Matosantos-González also filed an opposition to the motion to remand. **ECF No. 1-11.** In short, their main argument hinges on the proposition that the state court complaint includes "artfully pleaded…

---

[7] Allegedly, CC1 Acquisition, LLC is an outside company that sought to purchase the Matosantos family companies.

causes of action aris[ing] under the Securities Exchange Act of 1934 and Rule 10b-5(a) and (c) and are subject to the exclusive jurisdiction of federal courts" and that "the vast majority of [Organic Power, LLC]'s claims in the [c]ounterclaim are core proceedings." *Id* at 2, 19.

On May 17, 2019, the Bankruptcy Court held a status conference and entered a Minute ordering the "debtor [Organic power, LLC] and the codefendants" to file a brief with "additional authorities on jurisdictional issues in opposition to the request for remand." **ECF No. 1-1** at 12. On May 24, 2019, Matosantos-González filed a motion in compliance. **ECF No. 1-13**. They argued that the jurisdictional query for the Bankruptcy Court is not limited to the four corners of the complaint, but rather admits other filings to be considered as well. Under that premise, Matosantos-González argued before the Bankruptcy Court that, in addition to the content of the state court complaint, "[Organic Power, LLC]'s [c]ounterclaim[…] gave [them] basis to remove the claims and causes of action under the bankruptcy removal statute." *Id* at 5.[8] Four days later, they filed a supplement informative motion "[i]n [l]ight of [r]ecent [d]evelopment in [the] Supreme Court." **ECF No. 1-14.**

Even though the parties and the Bankruptcy Court invested considerable time and resources in connection with the controversies surrounding the remand of the state court proceedings back to the Puerto Rico Court of First Instance, on May 31, 2019, Matosantos-González filed a motion to withdraw the reference requesting that all controversies pending at

---

[8] However, Organic Power, LLC's counterclaim does not include any claims against Matosantos-González.

the Bankruptcy Court be transmitted to the District Court for resolution. **ECF No. 1-15.**⁹ In short, they argue that mandatory withdrawal of the reference is proper under 28 U.S.C. § 157(d) because non-Bankruptcy Code ("non-code") issues dominate the bankruptcy law issues. *Id* at 5. In addition, they contend that "not all claims" in Organic Power, LLC's counterclaim are Bankruptcy Code issues. *Id*. In the alternative, Matosantos-González assert that that permissive withdrawal is warranted since some of the parties have indicated that they do not consent final orders and judgment by the Bankruptcy Court, while others have requested trial by jury. *Id* at 9.¹⁰

On June 14, 2019, third-party defendant CC1 Acquisition, LLC filed and answer to the third-party complaint and a verified cross claim. **ECF No. 1-20**. On June 18, 2019, Matosantos-González filed a motion for the transmittal of the motion to withdraw the reference to this Court. **ECF No. 1-22**. On June 19, 2019, plaintiffs filed a response to the withdrawal of reference, which was denied by the Bankruptcy Court "as untimely." **ECF Nos. 1-23** at 1-6**, 1-1** at 15**.**

### C. District Court

On June 20, 2019, the Bankruptcy Court issued the Transmittal to the District Court of Withdrawal of Reference. **ECF No. 1.** On July 11, 2019, third-party defendant Gloria Matosantos-Vallecillo filed an answer to the third-party complaint and a crossclaim. **ECF No. 4**. On July 11,

---

⁹ On June 13, 2019, state court co-defendant VRJT, Inc. filed a joinder to the motion to withdraw the reference.
¹⁰ Matosantos-González argue that some of the claims included in the pleadings are properly characterized as common-law claims and claims under federal statues which are covered by the Seventh Amendment. **ECF No. 1-11** at 10.

2019, plaintiffs filed a response to the motion for withdrawal of reference, a motion to abstain, and to remand. **ECF No. 5.** On July 15, 2019, Matosantos-González filed a motion requesting a case management order. However, they acknowledged that "the most important issue pending before this Honorable Court is the request for remand to state court[]… The remand issue has been fully briefed [at the Bankruptcy Court]." **ECF No. 6** at 5.

Third-party defendant and cross claimant, Gloria Matosantos-Vallecillo moved for joinder in the motion for case management order. **ECF No. 7.** On July 25, 2019, Matosantos-González filed a motion to strike plaintiffs' response. **ECF. No. 8.** On July 26, plaintiffs filed an opposition to the request for a case management order. **ECF. No. 9.** On July 29, CC1 Acquisition, LLC filed a motion informing that it was not included as a party of record after the transmittal of the withdrawal of reference. **ECF No. 11**. On August 7, 2019, plaintiffs filed a response in opposition to Matosantos-González's motion to strike. **ECF No. 12.**

For the reasons discussed herein, the motion to withdraw the reference, at **ECF No. 1-15,** is **Denied.** This case is hereby **REMANDED** to the Bankruptcy Court. Accordingly, **ECF Nos. 6, 7, 8, 9, 12 are denied as Moot. ECF No. 11 is Noted.** All other pending motions regarding the motion to remand are hereby **REMANDED** as well.

## II. LEGAL STANDARD

### A. Withdrawal of Reference

Congress has bestowed on the District Courts of the United States ("District Court") the power to refer any and all bankruptcy proceedings to the bankruptcy court for adjudication. *See*

28 U.S.C. § 157. In the District Court of Puerto Rico, Chapter 11 bankruptcy cases and "all proceedings arising under ... or arising in or related to" a Chapter 11 bankruptcy case are referred automatically to the bankruptcy court pursuant to the District Court's General Order of July 19, 1984. However, under 28 U.S.C. S 157(d)

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section (to the bankruptcy court) on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Notably, the first part of subsection 157(d) refers to permissive withdrawal, while the second part relates to the mandatory withdrawal of reference.

Notwithstanding the mandatory element of subsection 157(d), "[c]ourts have overwhelmingly construed this statute narrowly, because to do otherwise would eviscerate much of the work of the bankruptcy courts." *In re Corporación de Servicios Médico Hospitalarios de Fajardo*, 227 B.R. 763, 765 (D.P.R.1998). A narrow interpretation best serves the purpose of mandatory withdrawal of reference, which has been described as "to assure that only Article III Judges determine issues requiring more than a routine application of federal statutes outside the Bankruptcy code." *In re Ponce Marine Farm, Inc. v. Browner, E.P.A.*, 172 B.R. 722, 724 (D.P.R.1994). Consequently, "mandatory withdrawal is proper only where resolution of the adversary proceeding involves substantial and material consideration of non-bankruptcy federal statutes." *Id* (citations omitted). For mandatory withdrawal to be required "non-code issues [must]

dominate the bankruptcy issues." *Id.* That is, "the mere presence of a non-[T]itle 11 issue, even if it is outcome-determinative, does not require mandatory withdrawal." *Alfonseca–Báez v. Doral Fin. Corp.*, 376 B.R. 70, 73 (D.P.R.2007) (citing *In the Matter of Vicars Insurance Agency, Inc.* 96 F. 3d 949, 953 (7th Cir. 1996)). To interpret it otherwise would "create an escape hatch by which bankruptcy matters could easily be removed to the district court." *Fajardo*, 227 B.R. at 765.

As to the permissive withdrawal, "[t]his District has adopted the Fourth Circuit approach to determining whether permissive withdrawal should ensue. That is, in making this determination the district court should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Alfonseca–Báez*, 376 B.R. at 75 (citing *In re Orion Pictures Corporation*, 4 F.3d 1095, 1101 (2nd Cir.1993) cert. dismissed, 511 U.S. 1026 (1994)). "[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and the issues. Although the core/non-core distinction is not dispositive it cuts against permissive withdrawal." *Alfonseca–Báez*, 376 B.R. at 75 (internal quotations omitted) (emphasis provided); *see Wiscovitch-Rentas v. Glaxosmithkline Puerto Rico, Inc.*, 539 B.R. 1, 3 (D.P.R. 2015).

Permissive withdrawal is interpreted narrowly since it is "used as a narrow exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court." *Fajardo*, 227 B.R. 763, 765 (D.P.R.1998). The District Court has broad discretion to determine "whether a case should be heard before the bankruptcy court or the district court." *Id.* The movant bears the burden to prove that there is cause for the district court to withdraw the

reference. *Ponce*, 172 B.R. at 725 (D.P.R.1994). Accordingly, permissive withdrawal of reference "may occur only for cause shown." *Fajardo*, 227 B.R. at 765. In addition, as a second factor, this District Court has considered "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economic use of the debtors' and creditors' resources, and expediting the bankruptcy process." *Ponce*, 172 B.R. at 725 (D.P.R.1994).

## III. ANALYSIS

### A. Mandatory Withdrawal

Matosantos-González argue that the mandatory withdrawal is warranted "since non-code issues dominate the bankruptcy issues." **ECF No. 1-15** at 3.[11]

#### (i) State Court Complaint

Matosantos-González motion to withdraw the reference focuses on two causes of action. Specifically, Matosantos-González contend that the second and fourth causes of action are "artfully pleaded violations of duty under Rule 10b-5(a)-(c) and the Security Exchange Act of 1934 in connection with the purchase and sale of securities," which according to them are "subject to the exclusive jurisdiction of the federal courts." **ECF No. 1-15** at 4.

According to Matosantos-González the state court complaint's remaining causes of action relate to bankruptcy issues. Referring to the other three causes of action of the state court complaint, Matosantos-González assert that "[t]hese causes of action seek imposition of joint and

---

[11] VRJT, Inc. filed a joinder to Matosantos-González's motion to withdraw the reference but did not include any additional arguments. **ECF No. 1-18**.

several liability against all [d]efendants, including [debtor Organic Power, LLC]." **ECF No. 1-15** at 4. Consequently, a judgment against Organic Power, LLC could affect the estate which is currently subject to Chapter 11 of the Bankruptcy Code. Matosantos-González also concede that the other causes of action of the state court complaint "attack [Organic Power, LLC]'s main asset." **ECF No. 1-15** at 4. Then, according to Matosantos-González's arguments, the non-bankruptcy issues are not numerically "dominant" over potential bankruptcy related issues. *Ponce*, 172 B.R. at 724. Thus, from a numerical stand point, mandatory withdrawal is not warranted.

A substantive analysis of the state court complaint draws the same result. At the outset, the Court finds that if it were not for Matosantos-González's "artful pleading" argument, the record would be absolutely devoid of any indication to the effect that the state court complaint includes federal law causes of actions. Plainly, the state court complaint's first cause of action seeks damages against defendants in the amount of $5,000,000.00 "[b]ased on their fiduciary duties and the illicit conduct." **ECF No. 1-2** at 38. The second and fourth causes of action pray for damages against defendants for their unlawful conduct including acts "through their affiliates entities, [debtor] and [VRJT, Inc.]." The third cause of action is formulated as requesting a declaratory judgment "decreeing the nullity" of certain shareholder and other agreements executed between the parties. *Id* at 40. The fifth cause of action consists of a corporate derivative action for damages.

Plaintiffs argue that the causes of action in the state court complaint are nothing more than "contractual and tort claims under Puerto Rico law." **ECF No. 5** at 10. Plaintiffs add that the "contractual claim is only against Manuel Matosantos[-]Vallecillo, while the claim against the other [c]odefendants arises under Art. 1802 of the Puerto Rico Civil Code, PR Laws Ann. § 5141… none of the claims are based on federal law." *Id*. Accordingly, plaintiffs posit that the "artful pleading" doctrine is not applicable because state law provides adequate remedies for all the causes of action filed before the state court. After a careful review of the state court complaint, the Court is convinced that the plain text of the state court complaint does not reveal a claim under, or relief pursuant to federal law. Much less can it be read to include "substantial and material" federal law issues. *Ponce*, 172 B.R. at 724.

Now, even if for argument purposes the Court were to accept defendants' artful pleading theory and hold that two of the five causes of the state court complaint include substantial and material issues of federal law, the fact of the matter remains that the non-bankruptcy considerations could not be deemed as being "dominant". It should be remembered that "the mere presence of a non-[T]itle 11 issue, **even if it is outcome-determinative**, does not require mandatory withdrawal." *Alfonseca–Báez v. Doral Fin. Corp.*, 376 B.R. at 73 (emphasis added). Here, the non-bankruptcy federal law issues described in Matosantos-González's motion to withdraw the reference cannot be considered as dominant in light of the totality of the pleadings in this case. To wit, Matosantos-González and debtor Organic Power, LLC each filed separate counterclaims against plaintiffs. However, Matosantos-González do no contend that non-

bankruptcy issues of exclusive federal jurisdiction are included in any of other pleadings.[12] Thus, two causes of action among the plethora of claims and counterclaims asserted in this case are not enough to determine that federal non-bankruptcy issues are dominant in this case.

Matosantos-González's main argument for the withdrawal of reference is also cut short by one of their own. To wit, debtor Organic Power, LLC alleges that "the [state court] complaint… and the [c]ounter-claim revolve around the PPA. Since the PPA is the property of the estate, any controversy surrounding the same **is the specific responsibility of the bankruptcy court.**" **ECF No. 1-8** at 4 (emphasis added). Notably, Matosantos-González's "dominant" theory is watered down by one of the codefendants to state court complaint.

### (ii) Other Pleadings

In addition to the arguments based on the claims of the state court complaint, Matosantos-González also assert that claims in the other pleadings filed in this case warrant a mandatory withdrawal. **ECF No. 1-15** at 5-7. Specifically, they allege that "not all claims in [Organic Power, LLC's] [c]ounterclaim are code-issues." *Id* at 5. Likewise, they claim that Manuel Matosantos-Vallecillo's answer to the state court complaint raises defenses to claims related to state and federal law, and that his counterclaim included "[t]hird-[p]arty [d]efendants since they are indispensable parties to some of the claims." *Id*, at 6. Additionally, Matosantos-González purport

---

[12] No specific argument was raised in connection with the content of CC1 Acquisition, LLC's and Gloria Matosantos-Vallecillo's answers to the third-party complaints and cross claims. **ECF Nos. 1-20, 4.**

that all pleadings "arise out of the same nucleus of operative facts and require the adjudication of overlapping factual contentions." *Id* at 6.

Notwithstanding Matosantos-González's arguments, the Court was not able to find specific references to "substantial and material" non-bankruptcy federal issues within the rest of the pleadings in this case. Contrary to the arguments now raised in favor of the withdrawal, Matosantos-González argued before the Bankruptcy Court that "the vast majority of [Organic Power, LLC]'s claims in the [c]ounterclaim are core proceedings." *Id* at 20. Pursuant to Matosantos-González's arguments at the Bankruptcy Court, Organic Power, LLC's counterclaim is not enough to meet the dominant threshold necessary for a mandatory withdrawal of the reference.

Finally, with respect to the Matosantos-González's answer to the state court complaint, verified counterclaim, and third-party complaint, the Court could not find a single argument leading to the conclusion that any of those pleadings "involve[] substantial and material consideration of non-bankruptcy federal statutes." *Ponce*, 172 B.R. at 724. To the contrary, Matosantos-González limit their argument to a conclusory statement to the effect that several defenses raised in the answer to the state court complaint are related to "compliance with Commonwealth and federal law." **ECF No. 1-15** at 6. In addition, Matosantos-González describe that their counterclaim "also raises claims against [p]laintiffs and [t]hird-[p]arty [d]efendants seeking declaration that relevant shareholder agreements," that plaintiff Gerónimo Matosantos-Vallecillo's "conduct run afoul of these agreement," and that plaintiff Gerónimo Matosantos-

Vallecillo is obligated to sell certain shares. *Id*. 6. They also aver that they seek injunctive relief to enforce terms and conditions of the shareholder agreements. *Id*. Without a doubt, these allegations do not survive the dominant test as they are wanting of any indicia of substantial non-bankruptcy federal law issue.

After a careful analysis of all the pleadings, the Court finds that this case does not present the necessary elements for a mandatory withdrawal of reference at this stage of the proceedings as the parties seeking the withdrawal failed to show that substantial and material non-bankruptcy federal law issues are dominant.

### B. Permissive withdrawal

According to Matosantos-González, "even if withdrawal of the reference here is not mandatory, cause exists for permissive withdrawal." **ECF No. 1-15** at 8. To that end, Matosantos-González assert that "notwithstanding the core-proceedings raised in [debtor's] [c]ounterclaims, [p]laintiffs and [] [Matosantos-González] have already indicated that they do not consent final orders and judgment by the Bankruptcy Court and [] [Matosantos-González] demanded a trial by jury." *Id* at 9. Matosantos-González further allege that the "Seventh Amendment attaches to the civil action" and that they "exercised their right to a trial by jury." *Id* at 11. Therefore, Matosantos-González contend that the "withdrawal of reference should be granted." *Id*, at 11. They also appeal to the sense of judicial economy by asserting that the withdrawal of the reference "as to the entire civil case" will be beneficial. *Id* at 11. Finally, they claim that "uniformity will not be affected as many of the issues in the complaint." **ECF No. 1-15** at 8.

*A priori*, 28 U.S.C. S 157(d) "gives broad discretion to the district court on whether a case should be heard before the bankruptcy court or the district court." *Wiscovitch-Rentas v. Glaxosmithkline Puerto Rico, Inc.*, 539 B.R. at 6. Here, Matosantos-González bear the burden of showing that the Court should allow the permissive withdrawal of the reference. *Alfonseca–Báez*, 376 B.R. at 74 (citing *Ponce*, 172 B. R. at 725)). At this juncture, the Court does not find cause for which the bankruptcy proceeding should be permissively withdrawn from the Bankruptcy Court.

As Matosantos-González reiterate, "the remand matter was fully briefed before transmittal to this District Court." **ECF No. 8** at 2. Furthermore, Matosantos-González acknowledge that "the most important issue pending before this Honorable Court is the request for remand to state court… a ruling on said petition is necessary in order to determine whether all other outstanding matters will be addressed by the District Court." **ECF No. 6** at 5.

Clearly, the threshold matter of jurisdiction raised in the motion to remand before the Bankruptcy Court was "fully briefed" some time before the request for withdrawal of the reference was filed and brought to the attention of this Court. Without a doubt, the most efficient way to attend this matter is to allow the Bankruptcy Court to rule upon the motion to remand and the rest of the pending motions. The Bankruptcy Court is well equipped to handle that task with the outmost efficiency. It "goes without saying the bankruptcy courts provide district courts significant assistance year after year by managing the voluminous bankruptcy petitions

that would otherwise take over a large share of their caseload. The District of Puerto Rico is no exception." *Wiscovitch-Rentas v. Glaxosmithkline Puerto Rico, Inc.*, 539 B.R. at 6.

The request for trial by jury and the refusal to consent to a final judgment issued by the Bankruptcy Court, per se, are not enough to dislocate the longstanding statutory structure which allows this District Court to refer bankruptcy related issues to the consideration of the Bankruptcy Court, including requests for remand. After all, the right to a trial by jury and the right to refuse to consent are both contingent on one unresolved issue: whether the case should be remanded or not to the Puerto Rico Court of First Instance. The rights to a trial by jury and to withhold consent on final orders and judgment by a Bankruptcy Court are not ripe until the Bankruptcy Court rules upon the jurisdictional threshold matter raised in the motion to remand. Logically, "the right to trial by jury must exist before withdrawing the reference." *In re Plaza Resort at Palmas, Inc.*, 488 B.R. 50, 56 (D.P.R. 2013) (citing and interpreting *de Jesús–González v. Segarra–Miranda*, 476 B.R. 376, 378 (D.P.R. 2012)). In this case, as Matosantos-González concede, the jurisdictional issues raised in the motion to remand take precedence over any other subsequent determination.

Accordingly, the alleged rights to a trial by jury and the right to withhold consent to a final judgment by the Bankruptcy Court do not warrant this Court's withdrawal of the reference at this juncture. In addition, uniformity in bankruptcy administration also weighs in favor of denying the withdrawal of the reference. Pursuant to Matosantos-González and debtor's arguments, many of the causes of action related to the styled adversary proceeding are core

issues and include a wide array of other controversies related to the Bankruptcy Code. Opening the door to the withdrawal of the reference in cases at a stage like the case at bar would entail undue delay and would affect the administration of bankruptcy litigation in this District. By denying the withdrawal of the reference, this Court promotes judicial economy, uniformity, and efficiency.[13]

## IV. CONCLUSION

The motion to withdraw the reference, at **ECF No. 1-15,** is **DENIED.** This case is hereby **REMANDED** to the Bankruptcy Court. Accordingly, **ECF Nos. 6, 7, 8, 9, 12 are denied as Moot. ECF No. 11** is **Noted.** All other pending motions are hereby **REMANDED** as well.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 7th day of February, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[13] Nothing in this Order shall be construed as to affect, interfere of influence in any way the Bankruptcy Court's decision regarding the matters hereby remanded or any other issue pending before it.